UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CROUSE, | ) | Case No. 1:12CV970 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MAGGIE BRADSHAW, Warden, | ) | |
| RICHLAND CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |

Petitioner Kevin Crouse ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief for an alleged constitutional violation that occurred during his Richland County, Ohio Court of Common Pleas convictions for domestic violence under Ohio Revised Code ("ORC") § 2919.25(A) and intimidation under ORC § 2921.03(A).  *Id*.  On December 20, 2012, Respondent Maggie Bradshaw ("Respondent") filed a return of writ.  ECF Dkt. #5.  On January 23, 2013, Petitioner filed a traverse.  ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I.     PROCEDURAL HISTORY

### A.     State Trial Court

In its September 2009 term, the Richland County, Ohio Grand Jury indicted Petitioner on one count of domestic violence in violation of ORC § 2919.25(A(1), one count of intimidation in violation of ORC § 2921.03(A), one count of retaliation in violation of ORC § 2921.05(B), and one count of menacing by stalking in violation of ORC § 2903.211 (A)(1).  ECF Dkt. #5-1 at 1-2.

On November 3, 2009, Petitioner, with counsel, signed an admission of guilt form in the Richland County Court of Common Pleas indicating that he was pleading no contest to the one count

of domestic violence in violation of ORC § 2919.25(A) and to the one count of intimidation in violation of ORC § 2921.03(A). ECF Dkt. #5-3 at 1. The prosecution dismissed the other two counts of the indictment. *Id.* The judgment entry further informed Petitioner that the maximum sentence he faced was a prison term of 6.5 years with an additional term of post-release control. *Id.* The form also informed Petitioner of the rights that he was waiving as a result of pleading no contest and specifically stated:

> I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence.

*Id.* Petitioner signed and dated the form on November 2, 2009 and his counsel did as well. *Id.* The transcript of the change of plea hearing indicated that the court explained the meaning of a no contest plea to Petitioner and inquired into the voluntariness and knowledge of the circumstances surrounding Petitioner's plea and waiver of his trial rights. ECF Dkt. #5-4 at 9. The court asked Petitioner if his counsel had gone over the written summary of his rights and asked whether Petitioner wanted the court to explain anything further on the written summary of rights form. *Id.* Petitioner responded that his counsel had reviewed the written summary of his rights with him and he had no questions about the written summary and no other questions for the court. *Id.* Petitioner thereafter entered his plea, the court found the plea voluntarily and knowingly made, and adjudicated Petitioner guilty. *Id.* at 9. The trial court judge also signed the admission of guilt/judgment entry form after checking the box indicating that the court found Petitioner guilty on his no contest plea. ECF Dkt. #5-3 at 1.

On November 10, 2009, the trial court held a sentencing hearing and noted that while on electronic monitoring pending sentencing, Petitioner had taken off his electronic monitoring bracelet, jumped out a window, ran from his probation officer, and was found within the vicinity of the domestic violence victim the following night. ECF Dkt. #5-6 at 2. The court further indicated that Petitioner resisted arrest and had to be tazed in order to be arrested. *Id.* Petitioner and his counsel were given an opportunity to explain the circumstances before the court imposed sentence. *Id.* The trial court thereafter sentenced Petitioner to eighteen months of imprisonment on the domestic violence conviction to run consecutive to five years of imprisonment on the intimidation

conviction.  *Id*. at 10-11.

On November 12, 2009, the trial court issued its sentencing entry finding Petitioner guilty of domestic violence and intimidation and sentencing Petitioner to eighteen months in prison for domestic violence and five years for intimidation, with the sentences to run consecutively.  ECF Dkt. #5-5 at 1.

**B.**     **Direct Appeal**

On December 7, 2009, Petitioner filed a timely notice of appeal to the Ohio Court of Appeals for the Fifth District.  ECF Dkt. #5-7 at 1.  He filed a second notice of appeal on December 16, 2009. ECF Dkt. #5-10 at 1.

In both appeals, the Ohio appellate court issued an entry on January 8, 2010 ordering Petitioner to file a fully completed docketing statement on or before January 22, 2010.  ECF Dkt. #5-8 at 3; ECF Dkt. #5-11 at 2.  The appellate court also informed Petitioner that his failure to file a fully completed docketing statement could result in the dismissal of his appeal.  *Id.*

On February 18, 2010, the Ohio appellate court issued an entry in both cases dismissing Petitioner's appeal  for his failure to prosecute, finding that Petitioner had failed to file a fully completed docketing statement with a time-stamped copy of the trial court's order from which he was appealing.  ECF Dkt. #5-8 at 2; ECF Dkt. #5-11 at 1.

Petitioner filed a motion for reconsideration of the appellate court's decision in his first appellate case and asked for additional time in which to comply with obtaining the fully completed docketing statement, but the appellate court denied the motion, explaining that Petitioner offered no reasons other than the fact that he was incarcerated as to why he did not file the docketing statement. ECF Dkt. #5-8 at 1.

**C.**     **Post-Conviction Motions**

**1**.     **Motion to Withdraw Plea**

On February 22, 2010, Petitioner filed a motion to withdraw his plea in the trial court.  ECF Dkt. #5-12.  He requested help for his drug addiction and reported that prison was not helping that problem.  *Id*.  He also indicated that the victim wished to make a statement to the court as she had admitted that they just had an argument and she hit Petitioner in the back.  *Id.*  He stated that he

plead "cause drg had my mind and I new[sic] I would be back on the street again after drug;" *Id.*
Petitioner also requested that the court reduce his sentence to time served because there was "no
major violence," he apologized to everyone involved, and he needed drug treatment. *Id*. at 3.

On June 1, 2010, the trial court overruled Petitioner's motion, finding that no manifest
injustice had occurred to warrant withdrawal of Petitioner's plea.  ECF Dkt. #5-16 at 1-2.

### 2. **Petition to Vacate or Set Aside Sentence**

On April 23, 2010, Petitioner filed a petition to vacate or set aside his sentence in the trial
court.  ECF Dkt. #5-14 at 1.  Petitioner indicated that he did appeal his judgment of conviction to
the appellate court, but he did not appeal to the Supreme Court of Ohio.  *Id*. at 2.  As grounds for
vacating his sentence, Petitioner asserted that the plea agreement was breached in that he was
promised probation and drug court if he entered a plea.  *Id*. He also alleged the ineffectiveness of
counsel because "P.R.C. is not mandatory and the sentencing journal is in error."  *Id*.  As the facts
supporting this claim, Petitioner related that his counsel should have never let him plead without
having the terms of the plea agreement enforced by the court.  *Id*. at 3.

The record shows no ruling on this petition.

### 3. **Motion for Sentencing**

On June 7, 2010, Petitioner filed a "Motion for Sentencing"in the trial court.  ECF Dkt. #5-
21 at 1.  He asserted that the trial court failed to impose the mandatory term of post-release control
at the time of his original sentencing and he therefore had to be resentenced.  *Id*. at 1-2.

On September 21, 2010, the trial court denied Petitioner's motion, finding that Petitioner was
in fact sentenced to the mandatory post-release control period of three years.  ECF Dkt. #5-26.

### 4. **Motion to Amend/Modify Sentence**

On August 25, 2010, Petitioner filed a motion to amend or modify his sentence with the trial
court, requesting that the trial court change his sentence from consecutive to concurrent since he had
completed the required prison programs.  ECF Dkt. #5-23 at 1.

On September 16, 2010, the trial court denied Petitioner's motion to amend/modify his
sentence, finding that Petitioner set forth no legal basis for such a request.  ECF Dkt. #5-25.

**5**.    **Motion for Judicial Release**

On October 1, 2010, Petitioner filed a motion for judicial release in the trial court.  ECF Dkt. #5-27.  The trial court denied this motion on October 21, 2010.  *Id.*

**6.    Motion for De Novo Sentencing Hearing**

On November 8, 2010, Petitioner filed a motion for a proper sentencing hearing, alleging that his current commitment order was a nullity because the judgment entry of sentencing failed to properly impose a period of post-release control in violation of Ohio statute.  ECF Dkt. #5-28.  On April 4, 2011, the trial court denied Petitioner's motion.  ECF Dkt. #5-30.

**7**.    **Motion for Reduction in Prison Term**

On November 28, 2011, Petitioner filed a motion for reduction of his prison term.  ECF Dkt. #5-41 at 1.  On February 16, 2012, the trial court denied the motion.  ECF Dkt. #5-43.

**8**.    **Motion to Vacate Fines and Court Costs**

On April 12, 2012, Petitioner filed a motion to vacate fines and court costs.  ECF Dkt. #5-44.  On May 18, 2012, the trial court denied the motion.  ECF Dkt. #5-46.

**D**.    **Delayed Appeal**

On May 13, 2010, Petitioner filed a motion for delayed appeal, indicating that he wished to appeal from the judgment entry of conviction entered in the Richland County Court of Common Pleas on September 24, 2009.  ECF Dkt. #5-17 at 1.  However, as Respondent points out, there is no judgment entry of conviction from September 24, 2009 in this case.  ECF Dkt. #5 at 5, n. 1.  As Respondent and the Ohio appellate court had done, the undersigned presumes that Petitioner was filing a delayed appeal of the trial court's November 12, 2009 judgment.  *Id.*; ECF Dkt. #5-20 at 1.

On July 26, 2010, the appellate court denied Petitioner leave to file a delayed appeal, finding that he had failed to establish good cause for any delay in filing.  ECF Dkt. #5-20.

**E**.    **Notice of Appeal/Motion for Delayed Appeal**

On May 20, 2011, Petitioner filed another notice of appeal/motion for delayed appeal, again challenging the trial court's November 12, 2009 judgment.  ECF Dkt. #5-31.

On June 29, 2011, the Ohio appellate court denied the motion for delayed appeal,

-5-

commenting that it had previously denied a prior request for delayed appeal and Petitioner had two other appeals that were dismissed for lack of prosecution.  ECF Dkt. #5-33.

On July 20, 2011, Petitioner filed a motion for reconsideration of the appellate court's entry. ECF Dkt. #5-34.  On August 3, 2011, the Ohio appellate court denied the motion.  ECF Dkt. #5-35.

**F**.     **Supreme Court of Ohio**

On August 2, 2011, Petitioner filed a notice of appeal in the Supreme Court of Ohio and filed a memorandum in support of jurisdiction asserting the following:

> Proposition of Law One:
>
> The trial court committed prejudicial error in imposing consective[sic] sentence of 6 ½ years upon the appellant in violation of appellant united states constitutional right amendments 5, 6, and 14 double jeopardy and R.C. 2941.25(A)(B).
>
> Proposition of Law Two:
>
> The trial court committed prejudicial error when the court deined[sic] the appellate motion to withdraw his no contest plea crim r. 31.1 where the appellant no contest plea was not given and or entered knowingly and voluntarily when the trial court fail[sic] to notify the appellant of the effect of his plea in violation of the appellant[sic] united states constitutional rights amendments, 5, 6, and 14.

ECF Dkt. #5-37, ECF Dkt. #5-38.

On November 16, 2011, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  ECF Dkt. #5-40 at 1.

**II.     28 US.C. § 2254 PETITION**

On April 18, 2012, Petitioner executed the instant petition for a writ of federal habeas corpus, which was filed on April 20, 2012.  ECF Dkt. #1.  Petitioner raises the following sole ground for relief:

> GROUND ONE:
>
> The Trial Court committed Prejudicial Error in Violatio[sic] of Appellant[sic] right to due process by Failing to Inform[sic] of his right to Appeal
>
> Supporting Facts:
>
> The Sentencing Entry from Appellants[sic] sentencing does not advise him of his right to appeal and to have an attorney appointed for him.  Petitioner attempted in pro-se to appeal his sentence and to withdraw his plea, but is a functioning handicapped person who has a measured IQ below 70.  He finally found a jail house lawyer willing to help him but was denied the assitance[sic] of counsel at every plea thus attpeting[sic] to close the door at all levels to his

-6-

direct appal[sic] issues on sentencing.

ECF Dkt. #1.  On December 20, 2012, Respondent filed a return of writ.  ECF Dkt. #5.  On

January 23, 2013, Petitioner filed a traverse.  ECF Dkt. #6.

### III.     PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits

of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United*

*States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default

and exhaustion of remedies, operate to limit access to review on the merits of a constitutional

claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the

courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not

even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*,

822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was

plainly meritless, the state had not addressed exhaustion, and disposition of the case would not

offend federal-state comity).

### A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations

period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the

date judgement became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not at

issue in this case.

### B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion

requirement is satisfied "once the federal claim has been fairly presented to the state courts."

*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present

it "to the state courts under the same theory in which it is later presented in federal court."  *Wong*

*v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

-8-

C. <u>Procedural Default</u>

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

    (1)    whether the petitioner failed to comply with an applicable state procedural rule;

    (2)    whether the state courts actually enforced the state procedural sanction;

    (3)    whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and

    (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d

-9-

412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).  A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief.  *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court described the fundamental miscarriage of justice exception

as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Id.*

> Simply stated, a federal court may review federal claims:
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.     STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law,

as

> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

-12-

> 4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672,

-13-

676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.** **ANALYSIS**

    **A**.     **Procedural Default**

Respondent, almost as an aside, contends that Petitioner has procedurally defaulted his sole ground for relief. ECF Dkt. #5 at 10, n. 4. For the following reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his sole ground for relief.

In his ground for relief, Petitioner asserts that he was denied his right to appeal and to due process when the trial court's written sentencing entry failed to inform him of his right to appeal and his right to counsel on appeal. ECF Dkt. #1 at 2. In his traverse, Petitioner concedes that his sole ground for relief is procedurally defaulted as he agrees with Respondent's presentation of the procedural history and states: "The Petitioner herein offers cause and prejudice for the alleged failure to exhaust his state court remedies. Consequently, his procedural default of those remedies is excused." ECF Dkt. #6 at 2-3. Petitioner thereafter admits that he did not attempt to raise the issue before the Ohio appellate court and while he did raise it before the Supreme Court of Ohio as a proposed proposition of law, he did not brief the issue and he concedes that the Supreme Court of Ohio would likely not have considered the issue because he failed to raise it in the Ohio appellate court. *Id*. at 6.

Based upon the undersigned's review of the record and Petitioner's concession, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his sole ground for relief. In his attempts at directly appealing the trial court judgment to the Ohio appellate court, Petitioner filed his notices of appeal but was unable to present any assignment of error in an appellate brief because that court dismissed his appeal pursuant to its Local Appellate Rule 5(D) for failure to prosecute because Petitioner failed to file a completed docketing statement and a copy of the trial court's judgment that he was appealing. ECF Dkt. #5-7, ECF Dkt. #5-8, ECF Dkt. #5-9, ECF Dkt. #5-10, ECF Dkt. #5-11. Moreover, Petitioner was denied leave to file motions for delayed

appeal to the Ohio appellate court because of his failure to present good cause for filing.  ECF Dkt. #5-18, ECF Dkt. #5-19, ECF Dkt. #5-20, ECF Dkt. #5-31, ECF Dkt. #5-32, ECF Dkt. #5-33. "Failure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure breached are well established and regularly followed, i.e., adequate and independent State procedural rules." *Marshall v. Brunsman*, No. 1:09CV259, 2011 WL 219925, at *3 (N.D. Ohio Jan 21, 2011), unpublished, adopting Report and Recommendation,  No. 1:09CV259, 2010 WL 5627660, at *8 (N.D. Ohio Dec. 3, 2010)(recommending procedural default where Ohio appellate court sua sponte dismissed federal habeas corpus petitioner's appeal because he failed to properly file the record), citing *Nethers v. Sheldon*, No. 2:09CV324, 2010 WL 4513816 (S.D. Ohio Oct. 28, 2010), unpublished; *Shroyer v. Moore*, No. C-1-05-797, 2007 WL 2492312 (S.D. Ohio Aug. 29, 2007), unpublished ("In so ruling, the court clearly and expressly relied on both an independent and adequate State ground stemming from petitioner's noncompliance with the court's well-established and regularly-followed written procedural rules governing the timing and filing of  the requisite appeal documents."); and *James v. Warden*, No. 1:06CV212, 2007 WL 2326867,*4 (S.D. Ohio Aug. 10, 2007), unpublished ("Dismissals for failure to comply with a court order and for want of prosecution involve a 'firmly established and regularly followed' practice utilized by all courts, not only the courts of Ohio.").  In addition, the Ohio appellate court's ruling on Petitioner's motions for delayed appeal meet the first three prongs of the *Maupin* analysis and are adequate and independent state grounds to prevent review of the instant petition.  *See Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011)(abrogating *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004) and holding that Ohio's procedural rules governing delayed appeals can serve as adequate ground under procedural default even if it grants courts broad discretion.).

And while Petitioner did present an issue regarding the trial court's failure to notify him of his right to appeal and to the appointment of counsel on appeal before the Supreme Court of Ohio, he did not present this issue under the same theory in which he presents it to this Court.  Before this Court, Petitioner asserts that the trial court violated his constitutional rights by failing to notify him

in its written judgment entry of his right to appeal and his right to appointed counsel on appeal.  ECF Dkt. #1.  However, before the Supreme Court of Ohio, Petitioner did not mention the trial court's failure to notify him in its written documents, but rather, appeared to assert that the trial court failed to inform him of his right to appeal and his right to appointed appellate counsel at his change of plea and sentencing hearings.  ECF Dkt. #5-38.  The Sixth Circuit has held that in order to satisfy the exhaustion requirement, a petitioner must argue "the same claim under the same theory" to the state courts before raising it on federal habeas review.  *See Hicks v. Straub*, 377 F.3d 538, 552-553 (6th Cir. 2004), citing *Pillete v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987).  Since it appears that Petitioner did not raise this issue in the state courts, and Ohio law required him to raise on appeal any claim that appears on the face of the record, this constitutes a procedural default under Ohio's res judicata law.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

Moreover, even if the same issue were presented under the same theory before this Court and the Supreme Court of Ohio, this does not preserve the claim for federal habeas corpus review.  "The Supreme Court of Ohio has held that it will not consider constitutional claims that are not raised and preserved in the Ohio Court of Appeals."  *Smith v. Warden,* No. 1:09-cv-251, 2010 WL 3075166, at *14 (S.D. Ohio Apr. 14, 2010), citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971); *State v. Lynn*, [5 Ohio St.2d 106, 214 N.E.2d 226, 229 (1966).]" *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.1985) (quoting *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982)*, cert. denied*, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983)).  "District courts within the Sixth Circuit 'have consistently found Ohio's procedural rule requiring claims to be presented in the lower appellate court prior to being presented to the Ohio Supreme Court to be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.'" *Smith,* 2010 WL 3075166, at *14, quoting *Shank v. Mitchell*, No. 2:00-cv-17, 2008 WL 4449567, at *43 (S.D.Ohio Sept.30, 2008)(citations omitted).  For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his sole ground for relief before this Court.

The Court may excuse Petitioner's procedural default of his ground for relief if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  Petitioner asserts as cause for his procedural default that the trial court failed to inform him of his right to appeal and his right to appointed counsel on appeal.  He also mentions his low IQ.  ECF Dkt. #6 at 2-14.

The undersigned recommends that the Court find that Petitioner has not presented sufficient cause to excuse his procedural default.  In *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court defined cause to excuse procedural default as "some objective factor external to the defense," which precludes petitioner's ability to pursue his claim in state court. The Sixth Circuit has held that "a borderline mental impairment is not cause for excusing procedural default." *Johnson v. Wilson*, 187 Fed. Appx. 455, 458 (6th Cir. 2006).  Accordingly, the Court should find that Petitioner's low IQ is not sufficient cause to excuse his procedural default.  And the record of proceedings in this case shows that Petitioner did actually file a timely direct appeal, thus negating a finding that his low IQ prevented him from complying with Ohio appellate court rules.  Petitioner offers no other explanation for his failure to comply with the Ohio appellate court's procedural requirement that he submit a completed docketing statement and a copy of the trial court judgment from which he was appealing.  Thus, the undersigned recommends that the Court find that Petitioner has failed to offer sufficient cause to excuse his procedural default.

The undersigned further recommends that the Court decline to address the issue of prejudice under procedural default since Petitioner fails to establish cause to excuse the default.  If a petitioner fails to establish cause to excuse his procedural default, the Court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Further, Petitioner submits no basis beyond his low IQ and "psychosocial immaturity" as grounds for a fundamental miscarriage of justice to justify addressing his procedurally

-17-

defaulted ground for relief.  The undersigned recommends that the Court find that these grounds are insufficient to meet the "rare" or "extraordinary case" that warrants addressing the ground for relief as Petitioner does not argue that he was innocent of the charges to which he plead guilty. *Murray v. Carrier*, 477 U.S. at 495-496 (miscarriage of justice exception applies "where a constitutional violation has probably resulted in the conviction of one who is actually innocent.").

### B.  Merits Review

If the Court should find that Petitioner has not procedurally defaulted his sole ground for relief, or is otherwise entitled to a review of his claim, the undersigned recommends that the Court find no merit to his sole ground for relief.

Petitioner asserts that the trial court committed prejudicial error and violated his right to due process by failing to inform him of his right to appeal and his right to have counsel appointed to represent him on appeal.  ECF Dkt. #1 at 5.  Petitioner confines his federal habeas corpus petition to the specific assertion that the trial court committed constitutional error by failing to advise him of his appellate rights in its written sentencing entry. *Id.* While Petitioner restricts his ground for relief in this manner, the undersigned will address this assertion as well as the assertion that the trial court failed to inform Petitioner of his right to appeal at the change of plea hearing and the sentencing hearing as well. *Id.*

Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial errors, once a state provides such a right following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Evitts v. Lucey*, 469 U.S. 387, 393, 403, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *see also Douglas v. California*, 372 U.S. 353, 356-57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956).  In *Peguero v. United States*, the United States Supreme Court held that "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission."

-18-

*Peguero v. United States*, 526 U.S. 23, 24, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).  Further, it has been held that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Wolfe v. Randle*, 267 F.Supp.2d 743, 746-748 (S.D. Ohio 2003).  Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir.1974), *cert. denied*, 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975).

Here, as evidenced by the record of the state court proceedings, the trial court's written sentencing entry made no mention of Petitioner's right to appeal or of a right to appointed counsel on appeal.  ECF Dkt. #1 at 5; ECF Dkt. #5-3 at 2; ECF Dkt. #5-5. However, neither Petitioner nor Respondent cite the Court to any United States Supreme Court law or other legal basis requiring state trial courts to notify defendants in their written sentencing entries of the appellate rights that they possess upon sentencing.  In addition, Respondent quotes Rule 32 of the Ohio Rules of Criminal Procedure to support the proposition that such notification in a written sentencing entry is not required.  Rule 32 of the Ohio Rules of Criminal Procedure does not require a trial court to notify a defendant in its written sentencing entry of his appellate rights.  Specifically, Rule 32(C) provides:

> C.    Judgment.
>
> A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence.  Multiple judgments of conviction may be addressed in one judgment entry.  If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.  The judge shall sign the judgment and the clerk shall enter it on the journal.  A judgment is effective only when entered on the journal by the clerk.

Ohio R. Crim. P. 32(C).

As to the trial court's failure to orally advise Petitioner of his right to appeal and to counsel on appeal, Respondent admits that the plea colloquy and sentencing hearing show that the court did not orally advise Petitioner of his appellate rights.  ECF Dkt. #5-4; ECF Dkt. #5-6.  Respondent concedes that under Rule 32(B) of the Ohio Rules of Criminal Procedure, the

-19-

trial court had a duty to orally advise Petitioner of his appellate rights after imposing sentence as to Petitioner's "serious" offenses.  ECF Dkt. #5 at 15.  As Respondent points out, Rule 32(B) of the Ohio Rules of Criminal Procedure provides that a trial court shall advise a defendant of his right to appeal "[a]fter imposing sentence in a serious offense."  Ohio R. Crim. P. 32(B).  Respondent further concedes that Petitioner's convictions constitute "serious" offenses under Rule 32(B) as defined by Rule 2(C) of the Ohio Rules of Criminal Procedure since they carried potential terms of imprisonment exceeding six months. ECF Dkt. #5 at 16, quoting Ohio R. Crim. P. 2(C).

However, Respondent asserts that any error in failing to advise Petitioner of his appellate rights was harmless error.  ECF Dkt. #5 at 17.  The undersigned recommends that the Court find that while the trial court did commit error in failing to orally advise Petitioner of his appellate rights after sentencing, this constituted harmless error.

The record reflects that Petitioner reviewed the admission of guilt form which explained the rights that he was waiving by entering a plea and indicated that he was withdrawing his former not guilty plea and entering a no contest plea to the two charges.  ECF Dkt. #5-3.  Immediately before the line where Petitioner handwrote his signature, the form stated:

> I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence.

*Id.*  At the change of plea hearing, the trial court orally explained the rights that Petitioner was waiving by pleading no contest and the maximum penalties that he was facing. ECF Dkt. #5-4 at 2-9.  The trial court asked if Petitioner had been coerced or threatened into pleading guilty and he responded that he had not.  *Id*. at 8.  The court thereafter found Petitioner guilty of the domestic violence and intimidation charges based upon Petitioner's admission to the facts set forth before him. *Id*. at 8-9.  After finding him guilty, the trial court inquired of Petitioner's counsel whether he had reviewed with Petitioner the written summary of rights form that

-20-

Petitioner had signed which included the quoted notification outlined above regarding Petitioner's limited appellate rights and time in which he had to appeal. *Id*. at 9. The court asked Petitioner if he had any questions about anything on the form or if Petitioner wanted the court to explain anything else. *Id*. Petitioner responded no. *Id*. The trial court also asked Petitioner whether he was satisfied with the help that he received from his attorney and Petitioner answered affirmatively. *Id*. at 3. In addition, Petitioner was able to and timely filed a notice of appeal from his sentence, which further negates a finding that he did not know of his appellate rights. While he did not perfect his appeal because he failed to follow the Ohio appellate courts' procedural rules, Petitioner does not complain that he did not know to file the proper docketing statement and trial court judgment entry, especially since he was informed of the requirement by appellate court order.

Based upon the summary of rights form signed by Petitioner, his indication that he understood the form, and his timely filed notice of appeal, the undersigned recommends that the Court find that the trial court's error in failing to orally advise Petitioner of his right to appeal constituted harmless error. Accordingly, the undersigned recommends that the Court find no merit to Petitioner's sole ground for relief.

**VI**.     **RECOMMENDATION AND CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: September 27, 2013                    */s/ George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).